# THE DOWSETT COMPANY, LIMITED, A CORPORA-TION, v. R. L. GILLILAND

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED AUGUST 27, 1907.        DECIDED AUGUST 29, 1907.

HARTWELL, C.J., WILDER J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF BALLOU, J.

LEASE—*rent payable after erection on demised premises of a reservoir by lessor's cotenant there being evidence that the lessee did not surrender the premises, consented to the erection of the reservoir and afterwards promised to pay rent.*

While the defendant was occupying under lease a parcel of 6.74 acres for a term of seven years M., claiming an undivided one-fourth of the land, made a reservoir about eight feet square on a corner of the land for his own use, the plaintiff admitting his title. There was evidence that although the lessee told the plaintiff's representative that he gave up the lease and would surrender it his animals continued to run upon the premises and that he did not surrender the lease, also that he acquiesced in the erection of the reservoir, consenting to the selection of the place where it was made, and afterwards promised to pay the overdue rent. The trial judge, jury .being waived, gave judgment for the plaintiff which is held to be sustainable on the evidence.

OPINION OF THE COURT BY HARTWELL, C.J.

Assumpsit to recover of the defendant the sum of $140 being, in addition to $2.50 taxes, rents payable on a lease made by the plaintiff to the defendant demising a parcel of 6.74 acres for the term of seven years from June 1, 1903, for an annual rental of $25 for the first two years and $100 thereafter, and the taxes.

The defense was that one L. L. McCandless, claiming an undivided one-fourth of the leased land, constructed a reservoir about eight feet square upon a corner of the land for his own

use, that the plaintiff admitted this title of McCandless and that in consequence of the defendant's eviction or disturbance of possession resulting from the construction of the reservoir the defendant had surrendered the lease.

The judge, jury being waived, found for the plaintiff the sum claimed and entered judgment accordingly. The defendant moved for a new trial on the ground that the judgment was contrary to the law and the evidence and excepted to the denial of his motion.

The judge's decision is sustainable on several grounds, for instance, although the defendant testified that he told the plaintiff's representative that he gave up the lease and would surrender it, the plaintiff's evidence showed that the defendant's animals continued to run upon the premises and that he did not surrender the lease. Again, the evidence shows an acquiescence on the part of the defendant in the erection of the reservoir, he expressly consenting to the selection of the place where it was erected and afterwards repeatedly promising to pay the overdue rent.

*B. L. Marx (Ballou & Marx on the brief)* for plaintiff.

*W. C. Achi* for defendant.